**UNITED STATES DISTRCIT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**CASE NO.**

DAVID Y. BERGMAN,

     Plaintiff,

                                 JURY TRIAL DEMANDED

EXPERIAN INFORMATION SOLUTIONS,
INC.,

     Defendant.

## COMPLAINT

Plaintiff, David Bergman ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant Experian Information Solutions, Inc. ("Defendant") as follows:

## INTRODUCTION

1.     This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2.     Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to open an account with Citibank bearing the account number starting with 5424************ (the "Account") in Plaintiff's name and without his knowledge or consent. Citibank (under the name Citicards) reported the Account to Defendant  one of the national credit bureaus, to be included in Plaintiff's credit file maintained by Defendant.  Defendant added the Account to Plaintiff's credit file.

3.     Plaintiff is a "consumer" and Defendant is a consumer reporting agency under the FCRA.

4.     In February 2026, sent Defendant a letter via certified U.S. Mail wherein he disputed the false and inaccurate Account, along with other fraudulent information (telephone

number and inquiries) with Defendant and included an FTC fraud affidavit along with other supporting documents.  On February 18, 2026, Defendant received the dispute letter.  A true and correct copy of the signed certified mail receipt is attached hereto as **Exhibit A**.  Defendant failed to conduct an investigation of Plaintiff's dispute.  Defendant failed to respond to Plaintiff's dispute at all and in violation of the FCRA.

5.      As set forth below, Plaintiff suffered concrete harm because of Defendants' violation of the FCRA.

### PARTIES, JURISDICTION, AND VENUE

6.      At all times material to this action, Plaintiff was a resident of the State of Florida and this Judicial District.

7.      At all times material to this action, Defendant was a foreign corporation doing business in Florida and this District.

8.      Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

10.     Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

11.     Defendant is registered to do business, and does business, in this District and Division and is subject to the jurisdiction of this Court.

12.     Plaintiff lives and works in the Pembroke Pines area. He did not open the Account nor did he did not authorize anyone to open the Account for him.  He has not benefited from the

Account. He is not liable for the Account or its subject charges in any way whatsoever as they are the result of fraud.

13. Citibank reported the Account to Defendant to be included on Plaintiff's credit file and Defendant included the Account on Plaintiff's credit file. The Account and related charges were the result of fraud and were not accurate.

14. Defendant had thirty days from its receipt of Plaintiff's dispute letter to respond. To date, Defendant has not responded at all and more than thirty days have passed since it received the dispute letter.

15. In his dispute letter to Defendant, Plaintiff provided several supporting items including an FTC fraud affidavit wherein he reported that he did not open the Account. He also provided a copy of his driver's license. Plaintiff also disputed a fraudulent and inaccurate telephone number ending in 1138 and several fraudulent and inaccurate inquiries (Citicards – May 13, 2025, Hyundai – October 5, 2024) that Defendant did not delete from his file nor reinvestigate.

16. Despite the fact that it received Plaintiff's dispute letter and supporting documentation, Defendant did not (i) respond to Plaintiff's dispute; (ii) reinvestigate Plaintiff's dispute; and/or (iii) delete the inaccurate and fraudulent Account and other items above from Plaintiff's credit file.

17. Defendant thereafter provided a consumer report on Plaintiff to Chase in relation to an application for credit that Plaintiff made in May 2026 and for which he was denied. Defendant's consumer report on Plaintiff to Chase contained the false and inaccurate Account and other information that it had failed and refused to investigate and/or delete from Plaintiff's credit file.

18. Defendant failed to conduct a reasonable investigation – or any investigation at all - of Plaintiff's dispute. Defendant did not contact Plaintiff as part of its investigation or lack

thereof.  Defendant did not delete or block the disputed Account when it received the FTC fraud affidavit from Plaintiff.

19.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of harm to his personal and credit reputation from Defendant's continued reporting of the Account; harm to his credit score attributable to the Account; emotional distress from knowing that a large consumer reporting agency refused to even investigate his dispute and would not correct his credit file; anger and frustration at being ignored by Defendant; stress from having an inaccurate Experian credit report; loss of sleep; denial for credit for dental work and other credit; and the time and effort to review his credit reports and make disputes concerning the Account with Defendant that Defendant did not even investigate.

20.     Defendant's conduct was willful, reckless, and grossly negligent.

## COUNT ONE:
### Defendant's Violations of the FCRA

21.     At all times relevant hereto, Defendant was a consumer reporting agency under the FCRA.

22.     Defendant violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a). Defendant did not undertake a reasonable investigation – or any investigation at all -  of Plaintiff's dispute with it concerning the Account and other inaccurate information and did not consider all relevant information provided with such dispute.  Defendant did not provide Plaintiff with a copy of the results of any investigation.

23.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 19 above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and

punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**TRIAL BY JURY IS DEMANDED.**

Plaintiff requests a jury trial on all claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, and all other relief deemed just, equitable, and proper by the Court.

Dated: June 26, 2026.                    Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman
Florida Bar No.: 132896
E-mail: seth@lehrmanlaw.com
**LEHRMAN LAW**
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
Telephone: 754-778-9660

John A. Love
Florida Bar No.: 267554
E-mail: tlove@loveconsumerlaw.com
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Telephone: 404-855-3600
Facsimile: 404-301-2300

*Counsel for Plaintiff*

5
